IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JOSEPH BOOKER                                                                  PLAINTIFF

VS.                                                    CIVIL ACTION NO. 2:08-cv-00172-KS-MTP

ROY HADLEY, JR. and
LYNN BURRIS                                                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion for summary judgment [Doc. #54] (June 22, 2009) filed by Defendants Roy Hadley, Jr. and Lynn Burris. The motion is not opposed by Plaintiff Joseph Booker. The sole question presented is whether all of the Plaintiff's claims against Burris – with the exception of the respondeat superior claim – should be dismissed in light of the Defendants' admission that Hadley was acting in the course and scope of his employment at all relevant times. This Court joins the other courts to have considered the question and holds that all of Booker's non-respondeat superior claims against Burris should be dismissed. As a result, the motion for summary judgment should be **granted**.

## I. BACKGROUND

This case arises from a collision between motor vehicles driven by Booker and Hadley. The parties agree that at the time of the collision, Hadley was acting under the course and scope of his employment with Burris and was operating a tractor-trailer owned by Burris. Complaint at ¶¶ 9-10 [Doc. #1-2] (August 13, 2008); Burris's Answer at ¶10 [Doc. #3] (August 18, 2008).

Booker filed suit against both Hadley and Burris. Booker alleges that Hadley was

operating the tractor-trailer negligently at the time of the collision. Complaint at ¶ 13. As to

Burris, Booker alleges that she

> was guilty of intentional, willful, unlawful, wanton, reckless, and/or negligent acts
> and/or omissions which include but are not necessarily limited to the following:
>
> a. Hiring and retaining [Hadley];
> b. Failing to properly train [Hadley];
> c. Failing to perform an adequate pre-employment background check before hiring
>    [Hadley];
> d. Negligent entrustment of its [sic] commercial vehicle to [Hadley];
> e. Failure to properly maintain equipment and;
> f. Other acts of negligence.

Complaint at ¶ 14. Booker further alleges that "Borris [sic] is liable for negligent acts of its [sic]

employee" Hadley. *Id.* at ¶ 11.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the evidence before the Court shows "that there

is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law." FED R. CIV. P. 56(b). A fact is "material" if proof of its existence or

nonexistence would affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a

reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing

the district court of the basis for its motion, and identifying those portions of 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex

Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "[I]f the

movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

If the moving party fails to meet its "initial burden, the motion must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. The nonmoving party must show more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986), and cannot satisfy its burden with "conclusory allegations [or] unsubstantiated assertions." *Little*, 37 F.3d at 1075. "[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id.*

### III. APPLICATION AND ANALYSIS

The Defendants contend that all of Booker's claims against Burris – with the exception of the respondeat superior claim – should be dismissed because the Defendants admit Hadley acted within the scope and course of his employment at the time of the collision. The contention that the remainder of the Plaintiff's claims should be dismissed is backed by the judgments of numerous state and federal courts. *See Walker v. Smitty's Supply, Inc.*, No. 5:06-CV-30, 2008 U.S. Dist. LEXIS 37949, *16 (S.D.Miss. May 8, 2008) ("the Supreme Court of Mississippi would approve the dismissal of a claim for negligent entrustment against an employer who has already confessed liability for its employee's conduct under the theory of respondeat superior.");

3

*Davis v. ROCOR Int'l*, No. 3:00-CV-864, 2001 U.S. Dist. LEXIS 26216, *19-20 (S.D.Miss. Dec. 19, 2001) ("The need to show that the employer was negligent in having entrusted a motor vehicle to a driver it knew to be incompetent is obviated by the fact that the employer has admitted liability for any acts taken by that driver."); *Cole v. Alton*, 567 F. Supp. 1084, 1087 (N.D.Miss. 1983) ("We are confident that, if confronted with the same question, the Mississippi courts would find summary judgment on a claim of negligent entrustment appropriate where vicarious liability is not disputed."); *Nehi Bottling Co. v. Jefferson*, 84 So. 2d 684, 686 (Miss. 1956) (holding that the trial court erroneously admitted testimony relevant to the plaintiff's negligent entrustment claim because the defendants had admitted that the employee had been "within the scope of his employment at the time and place in question."). Having reviewed those cases, this Court agrees with the conclusion that under Mississippi law it is appropriate to dismiss all claims of negligent entrustment and the like when the defendant concedes liability under respondeat superior.

Here, Burris has conceded liability, assuming *arguendo* negligence by Hadley, under respondeat superior. Consequently, all of Booker's claims against Burris – with the exception of the respondeat superior claim – are dismissed with prejudice.

## IV. CONCLUSION

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendants' motion for summary judgment [Doc. #54] is **granted**.

SO ORDERED AND ADJUDGED on this, the 23rd day of July, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

4